UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 07-80385-CIV-RYSKAMP/VITUNAC

BLUEGREEN CORPORATION

       Plaintiff,

v.

PC CONSULTING, INC.
D/B/A TIMESHAREWARE,
       Defendant.
_____/

## ORDER DENYING TSW'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon TSW's Motion to Dismiss the Complaint **[DE 2]**. Plaintiff Responded **[DE 6]** on May 23, 2007 and TSW Replied **[DE 7]** on June 4, 2007. The motion is fully briefed and ripe for adjudication.

**I.**    **Introduction**

This litigation was removed from the 15th Judicial Circuit of Palm Beach County, Florida, pursuant to 28 U.S.C. 1332 **[DE 1]**. After properly removing the action, the Defendant filed its Motion to Dismiss the Complaint, and in the Alternative, for Summary Judgment. Plaintiff raises two claims: breach of contract and breach of the duty of good faith and fair dealing.

On November 6, 2003, TSW and Bluegreen entered into the Agreement. The Agreement called for TSW to provide a license to Bluegreen to use TSW's proprietary software, including but not limited to TimeShareWare NEXT v. 7.0, along with related services and products. In exchange, Bluegreen would pay TSW. As the Complaint indicates, parts of the Agreement were

not executed properly. (Complaint ¶8-10). After the alleged breach of contract, Plaintiff states that it attempted to gain performance by TSW by entering into a Project Document of Understanding, which extended performance deadlines and clarified the specifics of the project. (*Id.* ¶11).

According to Bluegreen, TSW failed to meet the deadlines and in July 2006 issued a document regarding the various internal issues and attempted to explain the failures of the Agreement in July 2006. At the same time, Bluegreen, in accord with Section 14 (h) of the Agreement entitled "Disputes," formally notified TSW of the dispute under the Agreement regarding Defendant's failure to perform properly. (*Id.* ¶14). In accord with the Section 14 (h), meetings between TSW and Bluegreen occurred regarding the dispute over TSW's failure to deliver the contracted-for services. (*Id.* ¶15). To date, TSW failed to deliver, install or make functional two components of the Agreement. (*Id.* ¶16). Plaintiff is seeking damages in excess of $1,218,769.19. (*Id.* ¶28 (a)-(g)).

## II. Discussion:

### A.   Standard of Law on Motions to Dismiss

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules "do not require a

claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F. Supp. 2d at 1359.

To determine whether the complaint contains sufficient factual allegations, courts must look only at the complaint and the supporting documents submitted with the complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. If the Plaintiff fails to attach a crucial document to the complaint a defendant may include that document with its motion to dismiss but the Court's consideration of that document converts the motion into one for summary judgement. *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1265 (11th Cir. 2002).

**B.   TSW's Motion to Dismiss**

<u>Dismissal of All Counts for Failure to State a Claim</u>

TSW argues that this Court should dismiss all counts brought by Bluegreen for failure to perform contractual conditions precedent to filing suit. In Count 1, Plaintiff alleged a breach of

contract by Defendant (Complaint at ¶¶ 25-28). As support for dismissal of these counts, TSW presents evidence that Bluegreen did not comply with stipulations of the contract, specifically section 14 (h) [**DE 2**]. Section 14 (h) sets forth specific steps that must be met before either party may bring a legal cause of action. (Contract at 15). According to TSW, the alleged failure of Bluegreen to specifically allege that it adhered to the contracted dispute resolution and contract provisions make the case ripe for a R.12(b)(6) motion. (**DE 2** at 6-7). TSW, however, fails to present any case law to support the assertion that Bluegreen must abide by a heightened pleading standard in order to survive a R.12(b)(6) motion simply because it chose to exceed the pleading standard in some parts of the complaint but not in all parts of the complaint. Moreover, it is clear to this Court that discovery is required to determine whether the Plaintiff abided by the agreement, as the complaint alleges.

In Response, Plaintiff argues that the general allegations set forth in the complaint suffice to avoid a motion to dismiss regarding Bluegreen's compliance with any pre-suit dispute provision. Bluegreen's most convincing argument is that at this stage in the proceedings, the discovery process will produce and uncover evidence concerning compliance with the Agreement. In support of this, Plaintiff sites a case similar to the case at bar, *USA Flea Market, LLC v. EVMC Reasl Estate Consultants, Inc.*, 2007 WL 470501 (M.D. Fla. 2007). There, the Plaintiff alleged in its Complaint that all the conditions precedent to maintenance of that action had occurred, been performed or waived. The Court concluded that this allegation alone is sufficient to survive a R.12(b)(6) motion for summary judgement and to allow the Plaintiffs to conduct discovery.

Similarly here, Bluegreen has set forth in the Complaint the detailed steps that it took to attempt to comply with the Agreement. As previously noted, the threshold for determining

Page -4-

whether to grant or deny a motion to dismiss pursuant to R.12(b)(6) is "exceedingly low". *In Re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). Bluegreen's complaint has met the requirement to allow discovery to proceed. Furthermore, Bluegreen has exceeded the pleading requirement, and as such, has provided this Court with a reasonable expectation that discovery will reveal evidence that the terms of the Agreement were met.

TSW's Alternative Motion for Summary Judgment pursuant to Rule 56:

In the alternative, TSW pleads that the complaint should be dismissed under Rule 56 Summary Judgement. Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." (Fed.R.Civ.P. 56(c)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elect. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Furthermore, a Rule 56 motion calls for "all reasonable doubts about the facts [to be] resolved in favor of the non-movant." *Burton v. City of Belle Glade*, 178 F. 3d 1175, 1187 (11th Cir. 1999).

TSW compels the court to consider the fact that Bluegreen provides no affidavit or record evidence to oppose summary judgment as the grounds for granting the motion. (Reply at 3). In reviewing the reasonable doubts of fact in the light most favorable to the non-movant, this Court finds that the issue of whether or not all pre-suit dispute resolution requirements were in fact carried out by Plaintiff to be more accurately adjudged post-discovery.

### III. Conclusion:

After carefully considering the motions and the pertinent portions of the record, it is hereby,

ORDERED and ADJUDGED that TSW's Motion to Dismiss the Complaint and in the alternative for Summary Judgment **[DE 2]** on all claims is DENIED.

DONE and ORDERED in the Chambers at West Palm Beach, Florida this 30 day of July, 2007.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE